# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| **RODNEY STARLING, #22898-009** | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:08cv115** |
| **PAUL KASTNER, ET AL.** | § | |

## ORDER OF DISMISSAL

Plaintiff Rodney Starling, an inmate confined at F.C.I. Texarkana, filed the above-styled and numbered lawsuit complaining that prison officials had not provided him with dentures. The complaint was referred to United States Magistrate Judge Caroline M. Craven, who issued a Report and Recommendation concluding that the Defendants' motion for summary judgment should be granted and that the complaint should be dismissed. The Plaintiff has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Plaintiff are without merit.

Among his objections, the Plaintiff complained that there was no ruling on his motion to alter or amend (docket entry #31) an order denying his motion for leave to file a supplemental complaint (docket entry #30). He cited *Caine v. Hardy*, 905 F.2d 858, 863 (5th Cir. 1990), for the proposition that he had the right to amend the complaint before a responsive pleading was served and that the Defendants' motion to dismiss, or in the alternative, motion for summary judgment was not a

1

responsive pleading. It is initially noted that the Fifth Circuit granted a rehearing in *Caine v. Hardy* and issued a decision superseding the decision of the three judge panel that was written by Judge Jerre S. Williams. *Caine v. Hardy*, 943 F.2d 1406 (5th Cir. 1991) (en banc), *cert. denied*, 503 U.S. 936 (1992). Judge Williams complained, in dissent, that the majority opinion did not address the basis for the original decision holding that the plaintiff had been denied his right to amend the complaint before a responsive pleading was served and that a motion to dismiss or a motion for summary judgment was not a responsive pleading. *Id.* at 1417. Judge Williams' opinion did not prevail, and the Plaintiff has relied on a decision that was superseded.

The Plaintiff was, nonetheless, correct in his basic proposition that he was entitled to amend his complaint once before a responsive pleading was filed under Fed. R. Civ. P. 15(a), and that the Defendants' motion to dismiss, or in the alternative, motion for summary judgment was not a responsive pleading. *See Zaidi v. Ehrlich*, 732 F.2d 1218, 1219-20 (5th Cir. 1984); *Bliss v. Samson Resources Co.*, 163 F.R.D. 3 (E.D. Tex. 1995). The problem with the Plaintiff's argument, however, is that he filed motions seeking to supplement his complaint, as opposed to amending his complaint. In the order (docket entry #30), the Court explained that supplemental claims are governed by Fed. R. Civ. P. 15(d). Rule 15(d) provides that on a "motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." His motions to supplement the complaint were denied. In his motion to alter or amend the order (docket entry #31), he again asked to supplement the complaint, but he did not have a right to supplement the complaint. He has confused the rules regarding amending a complaint once as a matter of course before a responsive pleading is served, pursuant to Rule 15(a), and supplemental pleadings, pursuant to Rule 15(d).

2

The Court would add that the Report and Recommendation discussed matters that were raised in the proposed supplemental complaint. At the time the Plaintiff filed the lawsuit, he was waiting to receive dentures. He received dentures during the pendency of the lawsuit, which was discussed in the Report and Recommendation. In the motion for leave to file a supplemental complaint (docket entry #27), he acknowledged that the dental work was finally completed after five years. He again alleged that the Defendants had been deliberately indifferent. He asserted that he wanted to supplement the complaint in order to clarify the original complaint as to the damages and relief requested. In particular, he had not listed a dollar amount in the prayer for relief in the original complaint. In the proposed supplemental complaint, he specified the amount of compensatory and punitive damages that he was seeking. In light of the conclusion that the Defendants are entitled to summary judgment, the issue of damages and the amount of monetary relief that the Plaintiff was seeking is moot. He was not harmed by the order denying his motions to file a supplemental complaint. *See Brown v. Nationsbank of Georgia, NA*, 161 F.3d 8 (5th Cir. 1998) (unpublished table decision).

In conclusion, having made a *de novo* review of the objections raised by the Plaintiff to the Report and Recommendation, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Plaintiff are without merit. Therefore the findings and conclusions of the Magistrate Judge are adopted as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the Defendants' motion to dismiss (docket entry #22) is **DENIED**. It is further

**ORDERED** that the Defendants' motion for summary judgment (docket entry #22) is **GRANTED**. It is further

**ORDERED** that the complaint is **DISMISSED** with prejudice. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**SIGNED this 28th day of September, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE